IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP, INC., et al., | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO.<br>: 1:07-CV-0054-JOF |
| JENCI JENSEN, | : |
| Defendant. | : |

## OPINION AND ORDER

This matter is before the court on Plaintiffs' motion for default judgment against Defendant Jenci Jensen [5].

## I. Background

### A. Procedural History

Plaintiffs, Atlantic Recording Corporation, Arista Records LLC, Capitol Records, Inc., Elektra Entertainment Group, Inc., Interscope Records, Sony BMG Music Entertainment, UMG Recordings, Inc., and Warner Bros. Records, Inc. (collectively "Record Companies"), filed this suit against Defendant, Jenci Jensen, on January 9, 2007. The Record Companies sought damages and injunctive relief for Defendant's alleged infringement of copyrighted sound recordings. Defendant did not reply to the complaint

and, on April 26, 2007, the Clerk of this Court entered default against Defendant in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a). Plaintiffs now make the instant motion for default judgment pursuant to Rule 55(b). *See* Fed. R. Civ. P. 55(b). Plaintiffs seek statutory damages, a permanent injunction, and court costs.

### B. Facts

When in default, a defendant "admits the plaintiff's well-pleaded allegations of fact." *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, all facts are taken from Plaintiffs' complaint. Plaintiffs are corporations that are either the copyright owners or exclusive licensees of the eight recorded songs that are the subject of this litigation. (Compl. ¶ 13.) For each of these recordings, Plaintiffs have a valid Certificate of Copyright Registration issued by the Register of Copyrights. (*Id.* at ¶ 14.) The Record Companies have also provided notice to the public of their valid copyrights by placing proper notice on the widely-available album cover of each sound recording in question. (*Id.* at ¶ 16.) Defendant, without Plaintiffs' permission or consent, "has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others." (*Id.* at ¶ 15).

2

(Rev.8/82)

**II.     Discussion**

    **A.     Infringements of Copyrights**

In the United States, copyright protection subsists in original works of authorship fixed in a tangible medium of expression. 17 U.S.C. § 102(a) (2007). Sound recordings are one of the categories of works of authorship that are protected by copyright. *Id.* at § 102(a)(7). Among other exclusive rights, copyright owners have the rights "to reproduce the copyrighted work in copies or phonorecords" and "to distribute copies or phonorecords of the work of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." *Id.* at § 106(1), (3).

To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *MiTek Holdings, Inc. v. Arce Engineering Co., Inc.*, 89 F.3d 1548, 1553 (11th Cir. 1996) (*quoting Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). The question of whether a party has copied original, constituent elements of a work

> involves two separate inquiries:  1) whether the defendant, as a factual matter, copied portions of the plaintiff's [work]; and 2) whether, as a mixed issue of fact and law, those elements of the [work] that have been copied are protected expression and of such importance to the copied work that the appropriation is actionable.

*MiTek*, 89 F.3d at 1554 (citation omitted).

3

In the instant case, Plaintiffs' ownership of valid copyrights for the specified sound recordings has been established by their unanswered complaint. The court may grant default judgment on legally sufficient claims brought by a plaintiff when those claims are supported by well-pleaded allegations. *McCoy v. Johnson*, 176 F.R.D. 676, 679 (N.D. Ga. 1997) (Forrester, J.). That Defendant violated these copyrights through illegal distribution has been established in the same manner. *See also Elektra Entertainment Group, Inc. v. Brimley*, No. CV205-134, 2006 WL 2367135 at *2 (S.D. Ga. Aug. 15, 2006) ("It is clear that use of a peer-to-peer media distribution system to share music files infringes copyright." (*citing Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 940-941 (2005))). The remaining question is whether those copied elements constitute protected expression of such importance as to make the infringement actionable. *See MiTek*, 89 F.3d at 1554.

Because the court accepts as fact that the sound recordings in question have valid copyrights (*See* Compl. ¶ 13), these recordings by definition contain at least some expressive elements that are protected by copyright.[1] In copying and sharing the sound recordings in their entirety, and not merely parts thereof, Defendant by necessity distributed elements of

---

[1] The Copyright Act of 1976 protects "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). However, "it is well-established that this protection does not extend to any underlying facts or ideas." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129 (11th Cir. 2007). *See also* 17 U.S.C. § 102(b), *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991).

AO 72A
(Rev.8/82)

the works that comprise protected expression as well as any unprotected ideas that may exist.

The court thus finds that the allegations of Plaintiffs' complaint establish all of the required elements of a valid copyright infringement claim.  The court further finds that Plaintiffs' claim for copyright infringement is legally sufficient and supported by well-pleaded allegations, meeting the standard set forth by the court in *McCoy v. Johnson*. 176 F.R.D. at 679.

**B.     Remedies**

Plaintiffs seek several forms of relief in this action: statutory damages in the amount of $750 per infringement; court costs in the amount of $550; and a permanent injunction.

**1.     Damages and Court Costs**

Federal copyright law grants federal courts the discretion to award full costs and reasonable attorneys' fees.  17 U.S.C. § 505.  The Copyright Act also states:

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action . . . in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1).

"[A] judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *JLD Ventures, Inc. v. Charles Schwab*

**5**

*& Co.*, *et al*., No. 1:02-CV-0957-JOF, at 6 (N.D. Ga. Mar. 24, 2003) (Forrester, J.). While a party in default admits the well-pleaded allegations of the complaint against it, a plaintiff "cannot satisfy the certainty amount by simply requesting a specific amount. He must also establish that the amount is reasonable under the circumstances." *JLD Ventures*, No. 1:02-CV-0957-JOF at 6 (*citing Patray v. Northwest Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996)).

In any civil action arising from copyright infringement, "the court in its discretion may allow the recovery of full costs by or against any party." 17 U.S.C. § 505. Courts have routinely awarded costs on default judgment in copyright disputes. *See*, *e.g.*, *Arclightz and Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356 (S.D.N.Y. 2003). Plaintiffs' attorney has stated that costs incurred have been $550. (Pls.' Mot. For Default J., Ex. A, ¶ 6.) It is apparent from the docket that Plaintiffs paid a $350 fee to file this complaint. However, Plaintiffs' attorney has failed to state any additional costs beyond that $350 filing fee. Therefore, the court finds it reasonable to award $350 in costs, not the $550 requested.

Plaintiffs also request $750 in statutory damages for each of the eight infringements that are the subject of this litigation. Because the Record Companies seek the minimum amount of statutory damages and because the amount sought is easily determined, the court finds that this request is both reasonable and of sum certain. Thus, the court awards a total of $6,000 in statutory damages, or $750 for each of the eight songs in issue in the complaint.

AO 72A
(Rev.8/82)

### 2.     **Permanent Injunction**

Federal copyright law grants federal courts the discretion to award both temporary and final injunctions against future copyright infringement. 17 U.S.C. § 502(a). "Injunctive relief is a traditional remedy for copyright infringement, and is especially favored where there is a history of continuing infringement and a substantial threat of continued infringement." *Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999) (citations omitted).  In cases where there is such a history and threat of continued infringement, "a district court ought not only to issue a broad permanent injunction protecting present works, but can protect works not yet created." *Sony Music*, 45 F. Supp. 2d at 1347 (*citing Pacific & Southern Co., Inc. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir. 1984)).  It is clear from Plaintiffs' complaint that Defendant has engaged in a great deal of infringing behavior by using a file-sharing network to illegally obtain and distribute a large number of copyrighted sound recordings.  Given Defendant's lack of participation in this case, there is no indication that Defendant's infringing behavior will change.  For these reasons, the court finds that Plaintiffs' request for a permanent injunction is appropriate.

Defendant shall be and hereby is ENJOINED from directly or indirectly infringing Plaintiffs' rights under federal law in the instant copyrighted recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs

7

(or any parent, subsidiary, or affiliate record label of Plaintiffs) (hereinafter "Plaintiffs' Recordings"), including without limitation by using the Internet or any other media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.,* upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

### III.   Conclusion

The court GRANTS Plaintiffs' motion for default judgment against Defendant Jenci Jensen.  Defendant is ORDERED to pay $6,000 in statutory damages and $350 in court costs.  Further, Defendant is ENJOINED from infringing on Plaintiffs' copyrights as discussed above.

**IT IS SO ORDERED** this 16th day of August 2007.

> s/ J. Owen Forrester
> J. OWEN FORRESTER
> SENIOR UNITED STATES DISTRICT JUDGE